UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| NATIONAL HOME INSURANCE COMPANY (A Risk Retention Group), | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Civil Action No. _____ |
| RUTH BRIDGES, BONNIE JEAN HARDIN, KIMBERLY GOLEN AND JEFFREY K. BRIDGES, | ) ) ) ) |
| Respondents. | ) ) ) |

**PETITION OF NATIONAL HOME INSURANCE COMPANY TO COMPEL ARBITRATION AND TO STAY THE STATE COURT ACTION**

Petitioner National Home Insurance Company (A Risk Retention Group) (hereinafter "NHIC") hereby files this Petition to Compel Arbitration and to Stay the State Court Action against Respondents Ruth Bridges, Bonnie Jean Hardin, Kimberly Golen and Jeffrey K. Bridges and would show the Court as follows:

**I.     PARTIES**

1. NHIC is a Colorado risk retention group organized pursuant to the Risk Retention Act, 15 U.S.C. §§ 3901-3906.  NHIC is incorporated in the State of Colorado and also maintains its principal place of business at 10375 East Harvard Avenue, Denver, Colorado.  It is authorized to and does transact business in the State of South Carolina.

2. On information and belief, Respondents Ruth Bridges and Bonnie Jean Hardin are individuals who reside in Spartanburg County, South Carolina.

3. On information and belief, Respondent Kimberly Golen is an individual who resides in Mecklenburg County, North Carolina.

1

4. On information and belief, Jeffrey K. Bridges is an individual who resides in Hartford County, Connecticut.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court over the subject matter of this Petition is predicated on 28 U.S.C. § 1332 and 9 U.S.C. § 4. The amount in controversy, as set forth in the pleading attached to this Petition as Exhibit 5, exceeds $75,000, exclusive of interest and costs.

## III. GENERAL ALLEGATIONS

6. On information and belief, Respondent Ruth Bridges owns the home located at 926 E. Emerald Springs Drive, Spartanburg, South Carolina (the "Subject Property.")

7. The builder of the Subject Property, RMC, Inc. (the "Builder"), is a home builder that participates in a nationwide new home warranty program called the 2-10 Home Buyers Warranty Program (hereinafter the "HBW Program"). Under the HBW Program, new homes enrolled in the HBW Program are issued, concurrently with the initial sale closing, a limited warranty against certain construction defects. Filed herewith as Exhibit 1 is a sample HBW limited warranty, HBW 307 09/01/2003 (hereinafter the "HBW Warranty"). Home Buyers Warranty Corporation, a Colorado Corporation, administers the HBW Program from Denver, Colorado.

8. The HBW Warranty provides, among other things, that a home extended an HBW Warranty will be free of "Structural Defects" for a term of ten years. The HBW Warranty refers to the builder of the new home as the "warrantor" of the HBW Warranty. Further, provided certain warranty conditions are met (or provided certain warranty exclusions are not found to be operative), the builder's contractual liability under an HBW Warranty is insured by a risk retention insurer like NHIC.

9.     On or about April 13, 2004, Respondent Ruth Bridges and the Builder entered into a contract whereby the Builder agreed to sell the Subject Property to Ms. Bridges. The consideration between Ms. Bridges and the Builder included an agreement by the Builder to procure an HBW Warranty for the Subject Property, and Ms. Bridges' agreement to be bound by the terms of the HBW Warranty.

10.     On or about April 13, 2004, consistent with the terms of the foregoing contract, the Builder and Ms. Bridges signed an application for issuance of an HBW Warranty on the Subject Property, effective as of April 13, 2004, and with warranty limits of $107,176.00, the final sales price identified for the Subject Property. Exhibit 2 herein is a true and correct copy of the application signed by Charter and Respondent.

11.     HBW accepted the joint application from the Builder and Ms. Bridges and issued an HBW Warranty on the Subject Property, HBW 307 09/01/2003, Warranty Certificate No. SC048833, effective April 13, 2004, and with warranty limits of $107,176.00. Exhibit 3 herein is a true and correct copy of a Certificate of Warranty Coverage which HBW issued concerning the HBW Warranty issued on the Subject Property. The Certificate identifies NHIC (A Risk Retention Group) as the Risk Retention Insurer which insures the Builder's liability under the HBW Warranty. Exhibit 4 herein is a "non-sample" copy of HBW 307 09/01/2003, which is incorporated herein as though set forth at length

### IV.    THE AGREEMENT TO ARBITRATE

12.     The HBW Warranty requires that any claim, dispute or controversy between a homeowner and NHIC "shall be submitted to arbitration." Specifically, the HBW Warranty contains the following arbitration agreement:

>Any and all claims, disputes and controversies by or between [the homeowner], the Builder, the Warranty Insurer and/or HBW, or any combination of the foregoing, arising from or related to the Limited Warranty, to the subject Home, to any defect in or to the subject Home or the real property on which the subject Home is situated, or the sale of the subject Home by the Builder, including without limitation, any claim of breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, including this arbitration agreement, and breach of any alleged duty of good faith and fair dealing, shall be submitted to arbitration by and pursuant to the rules of Construction Arbitration Services, Inc. (hereinafter "CAS") in effect at the time of the request for arbitration.
>
>This arbitration agreement shall inure to the benefit of, and be enforceable by, the Builder's subcontractors, agents, vendors, suppliers, design professionals, insurers and any other person who [the homeowner] contend[s] is responsible for any defect in or to the subject Home or the real property on which the subject Home is situated. Any party shall be entitled to recover reasonable attorney's fees and costs incurred in enforcing this arbitration agreement. The decision of the arbitrator shall be final and binding and may be entered as a judgment in any State or Federal court of competent jurisdiction.
>
>This arbitration agreement shall be deemed to be a self-executing arbitration agreement. Any disputes concerning the interpretation or the enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, the scope of arbitrable issues, and any defense based upon waiver, estoppel or laches, shall be decided by the arbitrator.
>
>Any party who shall commence a judicial proceeding concerning a dispute which is arbitrable hereunder shall also be deemed to be a party requesting arbitration within the meaning of this arbitration agreement.
>. . . .
>
>The parties expressly agree that this arbitration provision involves and concerns interstate commerce and are governed by the provisions of the Federal Arbitration Act (9 U.S.C. § 1, et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule shall be inconsistent with any provisions of the rules of the arbitral association under which the arbitration proceeding shall be conducted, the latter rules shall govern the conduct of the proceeding.

(Exs. 1 and 4 at 6-7.)

4

13. Ms. Bridges assented to the foregoing agreement to arbitrate, as evidenced by Exhibit 2 to this Petition, a true and correct copy of the signed application form memorializing Ms. Bridges' agreement to be bound by the arbitration agreement in the aforementioned Warranty.

### V.     THE DISPUTE TO BE ARBITRATED

14. On or about February 6, 2014, Ms. Bridges submitted a Structural Defect claim to NHIC. Following an investigation by a professional engineer, NHIC denied coverage for Respondent's claim.

15. On February 18, 2015, Respondents filed suit in the Court of Common Pleas of Spartanburg County against Petitioner and others. This state court action is styled: *Ruth Bridges et al. v. National Home Insurance Company (A Risk Retention Group) et al.,* Case No. 2015-CP-42-701. As to NHIC, Respondents have pleaded alleged breach of NHIC's duty of good faith in investigating the warranty claim (First Cause of Action); alleged conspiracy with the professional engineer to avoid potential coverage under the Warranty (Second Cause of Action); and alleged violation of the S.C. Unfair Trade Practices Act to avoid potential coverage under the Warranty (Third Cause of Action). Respondents have asserted other causes of action against other defendants in that state court action. Filed herewith as Exhibit 5 to this Petition is a true and correct copy of Respondents' Complaint in the above referenced state court action.

16. NHIC has denied Respondents' allegations and has pleaded arbitration as an affirmative defense to the state court action. Filed herewith as Exhibit 6 to this Petition is a true and correct copy of the Answer filed by NHIC in the above referenced state court action. *See* Exhibit 6 at Paragraph 22.

17. The arbitration agreement in Respondents' HBW Warranty applies to all of Respondents' causes of action against NHIC. However, Respondents have refused to abide by the agreement to arbitrate in the HBW Warranty.

WHEREFORE, Petitioner prays as follows:

A. That Respondents be ordered to arbitrate all claims alleged against NHIC in *Ruth Bridges et al. v. NHIC (A Risk Retention Group), et al.*, Spartanburg Court of Common Pleas, Case No. 2015-CP-42-701, in accordance with the agreement to arbitrate in HBW 307 09/01/2003, Exhibit 4 herein;

B. That, pursuant to 28 U.S.C. § 2283, this Court should order that the state court proceedings against NHIC in *Bridges et al. v. NHIC (A Risk Retention Group), et al.*, Spartanburg Court of Common Pleas, Case No. 2015-CP-42-701, be stayed pending conclusion of the arbitration to be ordered herein; and

C. That NHIC be awarded such other relief as the Court deems proper.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

  s/ William R. Warnock, Jr.
William R. Warnock, Jr. Fed. ID 10460
Five Exchange Street
P.O. Box 999
Charleston, SC  29402
(843) 722-3400
wwarnock@wcsr.com
ATTORNEYS FOR PETITIONER
NATIONAL HOME INSURANCE COMPANY (A RISK RETENTION GROUP)

March 23, 2015
Charleston, South Carolina

# CERTIFICATE OF SERVICE

    I do hereby certify that on the 23rd day of March 2015, I served a copy of the within **PETITION TO COMPEL ARBITRATION** to Counsel of Record in the within entitled matter by sending a copy of the same via email and regular mail to the following:

Wendell L. Hawkins, Esq.
Aimee V. Leary, Esq.
Wendell L. Hawkins, PA
103-C Regency Commons Drive
Greer, SC  29650
wlh@wlhawkinslawfirm.com
avl@wlhawkinslawfirm.com
*ATTORNEYS FOR RESPONDENTS*

                WOMBLE CARLYLE SANDRIDGE & RICE, LLP

                *s/ William R. Warnock, Jr.*